T. J. HARRISON & Co. v. W. U. TELEGRAPH Co.

(No. 1992.)

ERROR from Gregg County.   Opinion by WHITE, P. J.

TAYLOR & MORRISON and T. F. CAMPBELL, counsel for plaintiffs in error.

STEMMONS & FIELD, counsel for defendant in error.

§ 43. *Cipher dispatch; notice to company of importance of; sufficient allegation of such notice; case stated.*   Harrison & Co. sued the Telegraph Company for damages for negligence in transmitting a cipher dispatch, whereby a most important word therein was substituted by a different word, which made the message as received, mean the very opposite of what was intended by them. A general demurrer and special exceptions to the petition were sustained, and the suit was dismissed. The petition alleged "that defendant, at the time of the delivery to it of the message, well knew the purport of the same; that is, well knew that it was an order for the purchase or sale of cotton." *Held:* The general rule now established in this state with regard to cipher telegrams is, that, in order to hold the company liable for negligence in transmitting them the petition must allege, and the proof must

show, that the company, when receiving such message for transmission, was notified of its value and importance. If the company be so notified it is liable for actual damages; that is, such as result naturally and reasonably from the breach of contract. If not so notified, it is liable only for nominal damages. With regard to the notice, as general notice of the value and importance of the message is all that is required, it is not necessary that the company should be apprised of the details of the transaction. [Daniels v. Tel. Co. 61 Tex. 452; 2 W. Con. Rep. §§ 644, 645.] In this case the notice as alleged was sufficient to fix the liability of the company for actual damages, and in this respect the petition was not defective.

§ 44. *Sender of message not responsible for error in transmission; petition against telegraph company which fails to show a cause of action.* It is averred in the petition that plaintiffs were employed by one Duke to negotiate for him, with Latham, Alexander & Co. in New York, for the *purchase* of one hundred bales of cotton for delivery at a future date. That in sending plaintiffs' message, defendant made a mistake therein, whereby Latham, Alexander & Co. were instructed to *sell* instead of *purchase* said cotton. That as the result of this mistake plaintiffs were compelled to and did pay L., A. & Co. $129.50, and to their employer, Duke, a like sum — these sums being the losses of said parties by reason of the *sale* instead of the *purchase* of said cotton. *Held:* The petition shows no cause of action for the damages claimed. The rule is, "that parties who use the telegraph as a mode of communication are not responsible for, nor bound by, the errors of the operator in transmitting dispatches. . . ." A. wrote to B., asking on what terms he could execute an order for fifty rifles. B. answered, stating his terms. Subsequently B. received a telegram from A., directing him to send "the" rifles. He accordingly forwarded fifty rifles, but A. refused to accept more than three of them, for the reason that the message delivered by him to the telegraph operator or-

dered but *three* rifles, while the operator, by mistake on his part, telegraphed the word "the" instead of "three," and it was held that A. was only liable for three rifles. [Henkle v. Pope, Allen's Tel. Cas. 567; 1 Wait's Act. & Def. 88; Verdin v. Robertson, Allen's Tel. Cas. 697.] In this case, the mistake which caused L., A. & Co. to sustain loss was not the mistake of the plaintiffs, but of the company's operator, and plaintiffs were not bound to make good such loss, and they cannot hold the company liable for a payment which they were not bound to make. Nor were the plaintiffs liable for Duke's loss. Duke was not liable to L., A. & Co. for their loss, nor could he claim that plaintiffs, his agents, were liable to him for his loss. His loss was not caused by their acts. They had fulfilled their duty to him by delivering to the operator such a message as he had directed them to send. Plaintiffs then, not being liable for the alleged losses of either L., A. & Co. or Duke, the payment thereof was voluntary and gratuitous, and they have no cause of action therefor against the company. The demurrer to the petition was correctly sustained.

October 21, 1885.            Affirmed.